J-S79011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY B. KAUFFMAN, | |
| Appellant | No. 858 EDA 2014 |

Appeal from the PCRA Order entered February 28, 2014,
in the Court of Common Pleas of Chester County,
Criminal Division, at No(s): CP-15-CR-0002040-2007

BEFORE:  ALLEN, OLSON, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED DECEMBER 05, 2014**

Timothy B. Kauffman ("Appellant") appeals *pro se* from the order denying his untimely petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On January 3, 2008, Appellant entered a negotiated plea to two counts of involuntary deviate sexual intercourse and six counts of corrupting the morals of minors. On July 15, 2008, the trial court sentenced him in accordance to the plea agreement to an aggregate sentence of ten to twenty years of imprisonment, followed by a five-year probationary term.  Appellant did not file a direct appeal to this Court.

_____
*Retired Senior Judge assigned to the Superior Court.

On July 13, 2009, Appellant filed a *pro se* PCRA petition. On July 15, 2009, the PCRA court appointed counsel. On September 15, 2009, PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On November 2, 2009, the PCRA court filed Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Appellant filed a timely response. By order of court entered December 15, 2009, the PCRA court dismissed Appellant's PCRA petition and permitted PCRA counsel to withdraw. Although Appellant filed an appeal to this Court, we later dismissed it for failure to file a brief.

On January 23, 2014, Appellant filed the *pro se* PCRA at issue. On February 7, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition as untimely. Appellant filed a timely response. By order entered February 28, 2014, the PCRA court dismissed Appellant's second PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164,

1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the issues Appellant presents on appeal, we must first consider whether the PCRA court properly determined that Appellant's petition was untimely. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. ***Id***. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. Id.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition

invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." **Gamboa-Taylor**, 753 A.2d at 783. **See also** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Because Appellant did not file a direct appeal to this Court following the imposition of his sentence, his judgment of sentence became final on August 14, 2008, thirty days after the time for filing a direct appeal to this Court had expired. 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant had to file his petition by August 14, 2009, in order for it to be timely. As Appellant filed the instant petition on January 23, 2014, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to plead and prove any exception to the PCRA's time bar. Indeed, Appellant does not even acknowledge the untimeliness of his latest PCRA petition in his appellate brief. Although he argued certain timeliness exceptions in his petition and his Pa.R.A.P. 1925(b) statement, he does not challenge the PCRA court's treatment of them in its Pa.R.A.P.

1925(a) opinion. Thus, the PCRA court correctly determined that it lacked jurisdiction to consider Appellant's PCRA petition. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/5/2014